**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| SHARYL THOMPSON ATTKISSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:17cv364 (LMB/JFA) |
| ) | |
| ERIC HOLDER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JOINT PROPOSED DISCOVERY PLAN**

The parties, through the undersigned counsel, pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, respectfully submit this Joint Proposed Discovery Plan to the Court.[1]

1. The parties have conferred pursuant to Fed. R. Civ. P. 26(f) regarding the conduct of discovery in this case, and they respectfully propose that the Court adopt the schedule and provisions described below.

2. Initial Disclosures. The parties will exchange disclosures required by Fed. R. Civ. P. 26(a)(1) and Local Rule 26(A)(1) by October 11, 2017.

3. Discovery.

   a. Any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on January 12, 2018, pursuant to the Court's Order of September 5, 2017 (Dkt. No. 108).

---

[1] On August 9, 2017, Defendants filed renewed motions to dismiss for failure to state a claim and for lack of subject-matter jurisdiction (Dkt. Nos. 99-100), arguing, among other things, that General Holder and Postmaster General Donohoe are entitled to qualified immunity. Defendants have also argued that because qualified immunity serves as an immunity from *suit*, as opposed to a mere immunity from ultimate liability, discovery—including discovery not specifically directed at the individually sued government officials—may not proceed in this action. (Dkt. No. 102 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)).) Accordingly, Defendants join in the filing of this proposed discovery plan to comply with the Court's scheduling order, but only to the extent that the Court denies Defendants' motions to dismiss.

  b. Interrogatories: Each side (i.e., Plaintiffs, collectively, and Defendants, collectively) may serve to the opposing side a maximum of sixty (60) interrogatories, including parts and subparts, without leave of court. The responses shall be due thirty (30) calendar days after service. Subject to any applicable Federal or Local Rules of Civil Procedure, there is no limit for the number of requests for production or requests for admission.

  c. Depositions: Each side (i.e., Plaintiffs, collectively, and Defendants, collectively) may take a maximum of ten (10) non-party, non-expert depositions, without leave of court. Each deposition shall be limited to a maximum of one (1) day of seven (7) hours of actual testimony, unless extended by agreement of the parties or Order of the Court. The parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel, and the parties.

  d. Confidentiality Order: Should a confidentiality order be requested by a party, the parties will confer in good faith to attempt to resolve the issue short of Court intervention and, if necessary, to agree on the terms of a draft protective order to propose to the Court.

  e. Document Subpoenas: The parties agree that if any documents are received from third parties pursuant to subpoena or FOIA request that is relevant to this case, the receiving party shall alert the remaining parties to the receipt of such documents within seven (7) days of receipt and shall provide a copy, upon request, to opposing counsel.

4. <u>Expert Witnesses</u>

  a. Plaintiff shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before November 20, 2017.

  b. Defendant shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before December 20, 2017.

  c. Plaintiff shall disclose any rebuttal to Defendant's disclosures on or before December 28, 2017.

  d. After the date of entry of the Court's order adopting this discovery plan, and without waiving objections to production of the information, the parties agree that any testifying experts retained by them shall take reasonable steps to retain and preserve all electronic media in their possession, custody, or control that contain data, files, and communications relevant to the claims and defenses in this case, including drafts, material reviewed, and correspondence with counsel, from all reasonably identifiable sources (including, but not limited to, mainframe computers, servers, laptops and work stations, personal digital assistants, and back-up tapes).

5. <u>Electronically Stored Information</u>. Unless the parties agree otherwise, the parties will produce discoverable electronically stored information ("ESI") in its native (or near-native)

form, and not in printed form on paper or in PDF format. If technologically feasible and available, ESI will be produced with applicable metadata. The parties have conferred and agreed that (a) they will work together to facilitate the timely and economical exchange of ESI in appropriate formats; (b) they will work together on the methodology (e.g., keyword/Boolean search, technology-assisted review (TAR) such as concept search, predictive coding, etc.) and implementation (e.g., search terms, etc.) to be used to identify, search and process ESI prior to conducting searches; and (c) they have taken necessary and sufficient steps to retain and preserve documents, information, and things (including ESI) relevant to the claims and defenses in this litigation.

6. Issues Regarding Privilege.

   a. Inadvertent disclosure: The production of privileged or protected documents (including electronic documents) without the intent to waive that privilege or protection will be controlled by applicable law concerning inadvertent production, including, but not limited to, Federal Rule of Evidence 502.

   b. Privilege Logs: Unless otherwise agreed, the parties shall serve a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) together with the written response to a request for documents. The privilege log shall identify: (a) the date of the privileged information; (b) the author(s) of the privileged information; (c) the recipient(s) of the privileged information; (d) the subject matter of the privileged information; and (e) the basis of the claim of privilege.

   c. Privileged communications between counsel, or between parties and their counsel: The parties agree that they shall not seek discovery of documents created by a party or parties' counsel that are privileged because they are sent solely between counsel for either party, or that are privileged because they are sent between a party and that party's counsel. If any discovery request is susceptible of a construction that calls for the production of such documents, those documents need not be produced or identified on any privilege log.

7. Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses. All pleadings, motions, and other papers that are filed are to be served electronically as provided for by the Federal Rules and the Local Rules. In addition, the parties agree that they will serve by email all discovery requests and written responses and any other papers that are not filed, unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery.

8. Settlement. In the event that the parties determine that a settlement may be possible, and that a conference with the presiding Magistrate Judge, or a Mediator, may be helpful in reaching such a resolution, they will contact the Court to request such a conference or mutually arrange for Mediation.

9. Trial Before Magistrate. The parties do not consent to the trial of this matter by a United States Magistrate Judge.

10. <u>Waiver of Rule 16(b) Pretrial Conference</u>. Because the parties are in agreement on the Joint Proposed Discovery Plan, the parties, through counsel, jointly request that the Rule 16(b) Initial Pretrial Conference scheduled for September 27, 2017, at 11:00 a.m. be canceled.

Dated: September 22, 2017

Respectfully submitted,

|  |  |
|---|---|
|  | DANA J. BOENTE<br>UNITED STATES ATTORNEY |
| /s/<br>J. GREGORY WEBB (VA Bar No. 38157)<br>DAVID W. THOMAS (VA Bar No. 73700)<br>E. KYLE MCNEW (VA Bar No. 73210)<br>MichieHamlett PLLC<br>500 Court Square, Suite 300<br>Post Office Box 298<br>Charlottesville, Virginia 22902<br>Tel:   (434) 951-7200<br>Fax:  (434) 951-7218<br>Email: dthomas@michiehamlett.com<br>       gwebb@michiehamlett.com<br>       kmcnew@michiehamlett.com<br>*Counsel for Plaintiffs* | /s/<br>DENNIS C. BARGHAAN, JR.<br>Deputy Chief, Civil Division<br>ANDREW S. HAN<br>Assistant United States Attorney<br>Office of the United States Attorney<br>Justin W. Williams U.S. Attorney's Building<br>2100 Jamieson Avenue<br>Alexandria, Virginia 22314<br>Tel:   (703) 299-3891/(703) 299-3970<br>Fax:  (703) 299-3983<br>Email: dennis.barghaan@usdoj.gov<br>       andrew.han@usdoj.gov<br>*Counsel for Defendants Eric Holder, Patrick Donahoe, and the United States* |

C. TAB TURNER (admitted *pro hac vice*)
Turner & Associates, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, Arkansas 72116
Tel:   (501) 791-2277
Fax:  (501) 791 1251
Email: tab@tturner.com
*Counsel for Plaintiffs*