# **EXHIBIT 1**

# DECLARATION OF DAVID J. SCANTLING

STATE OF OHIO
COUNTY OF SUMMIT

UPON OATH, THE DECLARANT STATES AS FOLLOWS:

My name is David J. Scantling. I am over the age eighteen, of sound mind, and fully competent to make this Affidavit. The statements included in this Affidavit are based on my own personal knowledge.

I am an independent technical consultant and enterprise architect. My areas of expertise include cyber-security, telecommunications networks, computer hardware and operating systems, databases, Internet protocols and routing, mobile computing, electronic warfare and the jamming of the radio frequency spectrum, and cryptography.

Since March 2008, I have provided consulting services to various U.S. government and commercial clients through Scantling Technology Ventures, LLC ("STV"), Akron, Ohio, an Ohio limited liability company. I am the sole member and owner of STV.

In support of my U.S. Government consulting work, I was adjudicated by the Department of Defense ("DoD") for a Top Secret/Sensitive Compartmented Information ("TS/SCI") security clearance. My most recent counter-intelligence polygraph was conducted by the Defense Intelligence Agency ("DIA").

An in-depth summary of my credentials, background and inexperience in cyber-security was previously submitted to the Court by way of Affidavit. I will forego repeating the entire background and qualifications, and incorporate them by reference.

Given my experience as a contractor to the NSA and CIA, as a civilian employee of the DoD, and as a computer and telecommunications industry executive, I was retained by the Attkisson family to lead a team of forensic investigators to investigate the Advanced Persistent Threat ("APT") cyber-attack reportedly conducted against the Plaintiffs as referenced in the pleadings and in my prior Affidavit. I am intimately familiar with the systems, capabilities, tools, and resources used by Government agencies, including search capabilities.

I have read the pleadings submitted surrounding the outstanding discovery disputes, including the arguments and issues raised by Verizon and the Government. I have also read the information submitted by the various federal agencies in response to subpoenas and meet and confer conferences. The pleadings, subpoenas, and information were provided to me by Plaintiffs' counsel, Mr. Tab Turner. I hereby state and affirm the following:

- A. The summary of forensic evidence provided in Plaintiffs' responsive filing is an accurate summary of forensic evidence the forensic teams uncovered as part of this project. The forensic work has confirmed, and is beyond dispute, that Government

1

actors conducted surveillance of Plaintiffs' electronic devices during the relevant time frame (2010-2015), and, by the Government's own admissions, no warrant directly naming Plaintiffs existed during the stated time frame.

B. The forensic work is continuing on a daily basis. I personally participated with Plaintiffs' counsel in drafting the requests submitted to both Verizon and to the various Government agencies. The information sought by the requests is <u>directly related</u> to forensic attribution of the electronic surveillance and cyber-stalking incidents against Plaintiffs, which leads to identifying the actors involved carrying out the warrantless APT cyber-attack (so-called Doe defendants). I crafted the discovery requests with attribution as the focus of each request, and each request is narrowly tailored to the precise areas that are reasonably necessary for the forensics team to complete its work on attribution, which includes identification of potential Doe defendants. Without production of the requested information, it is not reasonably possible to complete the forensic investigation process and identify the Doe defendants.

C. Moreover, at Mr. Turner's request, I very narrowly tailored the requests to seek <u>only</u> information necessary to the forensic investigation, necessary to assisting in the identification of possible Doe defendants, and necessary to define the tools, methods and sources of the APT cyber-attack that was carried out, all of which is directly aimed at identifying the actors involved in the electronic surveillance and cyber-stalking against Plaintiffs in the alleged violations of their rights under the First and Fourth Amendments of the Constitution.

D. The information sought in Plaintiffs' discovery requests is <u>not</u> publicly available information that can be obtained anywhere other than from Verizon or the Government, respectively.

E. I am also aware of the various excuses and objections raised by the Verizon and the Government. I have worked with Mr. Turner to resolve those disputes over the past several months. First, by narrowing topics where possible; second, by specifically identifying a limited number of IP addresses and "selectors" to be used as search terms by Verizon and the Government, respectively; third, by providing at a list of relevant systems of record to be searched by the Government; fourth, by tailoring search parameters for the Government to use in the search of its systems of record; and, finally, offering for our forensic team to meet with Government experts to work through the search process to ensure that the burden is reduced, and the scope kept as narrow as necessary, yet, is carried out such as to ensure that identification of the actors involved is the focus of the work.

F. In drafting the requests for information, I have used my experience and knowledge of systems, including my experience with the Government's systems, to ensure that the burden and cost of the requests were reasonably tailored to seek only readily available and searchable information with the goal of minimizing the effort necessary to reach the forensic Team's objective. Moreover, in support of my forensic

investigation for Plaintiffs and their counsel, I have not utilized any of the classified information that was disclosed to me during my work for DoD, NSA, or CIA. However, I have reviewed relevant classified materials that were widely published by the news media (including, among others, the *New York Times*, *Wall Street Journal*, *Washington Post*, and *Guardian* newspapers), and de-classified materials released by the Government.

G. Although I am in no position to comment on Verizon's internal operations, I am familiar with computer systems and telecommunications carrier operations well-enough to know, understand, and comprehend the costs, burden and effort involved in certain requests, especially as to Government operations, assets and resources; including those deployed at, and interfacing with, Verizon's data centers and networks.

UNDER PENALTY OF PERJURY, THE DECLARANT STATES NOTHING FURTHER.

_____    January 11, 2018
DAVID J. SCANTLING