UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **SHARYL THOMPSON ATTKISSON, et al.,**<br><br>       Plaintiffs,<br><br>v.<br><br>**ERIC HOLDER, et al.,**<br><br>       Defendants. | Civil Action No. 1:17-cv-364 (LMB/JFA) |

**PLAINTIFFS' OPPOSITION TO VERIZON DEFENDANTS'**
**MOTION TO DISMISS AMENDED COMPLAINT**

COME NOW the Plaintiffs, by Counsel, and state as follows in opposition to the Verizon Defendants' Motion to Dismiss the Amended Complaint (Doc. 197).

**INTRODUCTION**

Like the Government, the Verizon Defendants attempt to weaponize the procedural history of this case against the Plaintiffs, all as a lead up to essentially claim that Plaintiffs' First Amended Consolidated Complaint is too little, too late as to Verizon. To be sure, this case has had a protracted procedural history. A review of the docket sheet while the case was pending in the District Court for the District of Columbia shows that Plaintiffs' repeated efforts to seek the discovery necessary to identify the full scope of the intrusion and illegal conduct described in their original Complaint were met with close to two years' worth of delay caused largely by opposed-but-granted requests for extensions by the Government and inactivity while awaiting rulings. The pace picked up considerably once the case was transferred to this Court. But even so, despite this case having been pending for more than three years now, and despite Plaintiffs doing everything

1

in their power to obtain basic discovery, to date there has been exactly one deposition in this case of a representative from the U.S. Postal Service plus a handful of documents. Plaintiffs have not received a single document from any non-government defendant, and have not been able to depose anyone from any other agency of the United States or from Verizon. It is, therefore, against this backdrop that Verizon's rhetoric should be judged. Turning to the merits of their arguments, the motion should be denied. Plaintiffs did not violate the Court's prior orders by naming Verizon in the First Amended Consolidated Complaint, Plaintiffs' claims are timely, and they plausibly state viable claims against Verizon.

## FACTUAL BACKGROUND

The Court is already familiar with the facts alleged in the Amended Complaint because they are substantially similar to those alleged in the Consolidated Complaint (Doc. 117) and summarized by the Court in its Memorandum Opinion on the Motion to Dismiss filed on behalf of defendants Holder and Donahoe (Doc. 133 at 1-8.) The Consolidated Complaint generally alleged a prolonged, unlawful intrusion and disruption into Plaintiffs' electronic communications and data due to Plaintiff Sharyl Attkisson's role as a journalist critical of the administration's handling of various issues. It alleged that this intrusion and disruption was carried out, among others, by individuals who "are and were agents or employees of the federal government," which the Consolidated Complaint referred to descriptively as "Unknown Federal Agents." (Doc. 117 ¶ 11.)

The First Amended Consolidated Complaint substitutes the Verizon Defendants in as some of the "Unknown Federal Agents" (Doc. 174 ¶¶ 16-18.) The First Amended Consolidated Complaint further alleges that the Verizon Defendants actively permitted the USPS-owned IP addresses to use Verizon's wire facilities in furtherance of the electronic surveillance and data

exfiltration. (*Id.* ¶76.) It further explicitly alleges that the Verizon Defendants directly and knowingly assisted with the illegal conduct described in the Amended Consolidated Complaint. (*Id.* ¶ 83.) The allegations about specific instances of Verizon involvement in the clandestine incursions into Plaintiffs' various electronic devices are numerous (*id.* ¶ 84(H), (M)) and includes the allegation that Verizon provided the FBI with an end-to-end path between the Plaintiffs' home and FBI's processing facility in Quantico (*id.* ¶ 84(M)(q).

## DISCUSSION

The standard for assessing a motion to dismiss is accurately stated in this Court's prior opinion in this matter. (Doc. 133 at 10.)

**A.   Plaintiffs' amendment does not violate this Court's prior orders.**

Verizon first argues that the amendment naming the Verizon Defendants violates the Court's orders setting a deadline on when Plaintiff had to substitute a named party for the Doe defendants. The argument appears to be premised upon the logic that Plaintiffs have not substituted Verizon for Doe defendants, but instead have named "new" defendants. (Doc. 198 at 9.) This is incorrect. Plaintiffs' First Amended Consolidated Complaint is saying that the Verizon Defendants were acting as the agents of the federal government in facilitating the electronic surveillance and incursion. The Verizon Defendants are thus at least some of the previously Unknown Federal Agents. The naming of Verizon was in direct response to and in accord with the Court's prior orders (Docs. 145 & 151).

**B.   Plaintiffs' amendment is proper under the Federal Rules.**

The Verizon Defendants next contend that the Plaintiffs' amendment to substitute them for the Doe defendants is in violation of Rule 15 because it was somehow done without leave of Court. To the contrary, the Court explicitly authorized this amendment in its Orders setting a deadline for

the substitution of the Doe defendants (Docs. 145 & 151.) That could only be accomplished by filing a new pleading, *i.e.* an amended complaint. Thus, the claim that the amendment was without leave of Court is incorrect. And, because Verizon is incorrect about that point, its next argument about the amendment being dilatory, futile, and prejudicial is inapposite. Those are considerations for a court to examine when deciding whether to grant leave to amend under Rule 15. However, as stated above, the Court already gave the Plaintiffs permission to amend their Complaint when it ordered the Plaintiffs to substitute named parties for the Doe defendants by a date certain. (*E.g.* Doc. 151.)

**C.      Plaintiffs' claims against Verizon are not time-barred.**

   **1.      The majority of Plaintiffs' claims against Verizon did not even accrue until 2017.**

Plaintiff generally agrees with Verizon on the background issues set forth in Verizon's argument about the statute of limitations. All of the federal claims and the state statutory claim are governed by a two-year statute of limitations for which accrual is determined by a discovery rule. And the unlawful conduct at issue in this case occurred between 2011 and 2013.

The issue is that Plaintiffs did not, and could not, discover that Verizon was an author of that illegal conduct until much later than the conduct itself occurred. In the federal system, the federal discovery rule dictates that "the statute of limitations does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action." *See Blanck v. McKeen*, 707 F.2d 817, 819 (4th Cir. 1983). Of course, Plaintiffs could not know the facts forming the basis for their cause of action against Verizon until they knew of Verizon's active participation in the illegality.

Nor was this knowledge due to lack of diligence on the Plaintiffs' part. As stated above, from the very outset of this case the Plaintiffs have sought to conduct the discovery necessary to

determine who was involved in this operation. Upon filing and serving the original complaints, the government moved to dismiss, which prevented discovery in the normal course. What followed was close to two years of delay resulting from government-requested deadline extensions and inactivity due to pending motions. In that time, Plaintiffs sought leave to conduct limited discovery to identify the Doe defendants. These efforts too were denied. When the case was transferred to this Court the pace picked up dramatically, but even then the Plaintiffs' discovery efforts were largely stymied by both the government and Verizon's resistance and motions practice. Indeed, Plaintiffs' inability to receive responsive answers to discovery was the basis for the Court's willingness to extend the deadline to identify Doe defendants. (Doc. 151.) Thus, despite exercising every degree of diligence they could muster, Plaintiffs were not able to discover the facts giving rise to their cause of action against Verizon until they received minimal discovery from the US Postal Service in 2017. Their claims against Verizon accrued then, meaning that the 2018 First Amended Consolidated Complaint substituting the Verizon Defendants for Doe defendants was timely as to the Verizon Defendants.

Plaintiffs' common law trespass claim is governed by a five-year statute of limitations. Va. Code § 8.01-243(B). And unlike the statutory claims, this claim is not subject to a discovery rule; rather, the claim accrues upon the date of injury. Verizon claims that the trespass occurred on January 1, 2013, when the Complaint alleges that a Verizon employee came onto the Plaintiffs' property, and that the five-year limitations period ran on January 1, 2018. Plaintiffs agree that the trespass to land claim would thus be barred were it not for the tolling discussed *infra*. However, Count 8 also alleges trespass to chattel. The First Amended Consolidated Complaint alleges that Verizon's trespass on plaintiffs' personal property continued through at least March 2013, (Doc.

174 ¶ 62), so the five years for the claim for trespass to chattel had not run as of the February 2018 filing of the First Amended Consolidated Complaint.

### 2. The statutes of limitations were tolled.

Alternatively, even if the statutes of limitations began to run sometime before 2017, and more importantly before February 5, 2016, those limitations periods were tolled by operation of the fraudulent concealment doctrine. That doctrine is "read into every federal statute of limitations and, in cases where the harm is concealed from the plaintiff, starts the limitations period when the wrong is discovered." *Sd3 II LLC v. Black & Decker, Inc.*, Nos. 16-2317, 16-2354, 2018 U.S. App. LEXIS 9838, at *3 (4th Cir. Apr. 19, 2018) (citing *GO Comput., Inc. v. Microsoft Corp.*, 508 F.3d 170, 177-78 (4th Cir. 2007)) (quotations omitted).[1] The doctrine "does not stop the clock for limitations purposes; it moves the clock, starting it from when the wrong was discovered rather than when it was committed." *Id.* at *17. The doctrine is satisfied upon a showing that the party asserting the statute of limitations fraudulently concealed facts which are the basis of a claim and that the plaintiff failed to discover those facts within the statutory period despite the exercise of due diligence. *Id.* at *15-16. Those facts include the fact of injury, the scope of the injury, "and the parties responsible for causing it." *Id.* at *21.

The facts alleged in the First Amended Consolidated Complaint describe a highly sophisticated, detailed course of conduct in which Verizon and the United States acted in concert to access the Plaintiffs' private communication and information and to hide all traces of their actions. This is not a situation where Verizon merely failed to come forward and identify itself as

---

[1] Virginia recognizes a similar fraudulent concealment doctrine for purposes of tolling a statute of limitations, so this analysis applies with equal force to the Virginia statutory and common law claim. *Newman v. Walker*, 270 Va. 291, 296-98 (2005) (explaining Virginia's fraudulent concealment doctrine).

an actor in this conduct. Rather, it is a case where Verizon actively engaged in incredibly complex artifices to conceal its role through sophisticated cyberattacks. These cyberattacks were explicitly designed to mask their true nature and origin. And then, even after being called to investigate the cause of the problems being experienced by the Plaintiffs, Verizon represented to the Plaintiffs that it could not determine the source or cause of the problems when in fact, Verizon was the source and cause for the problems. Even after being brought into this litigation as a non-party source of discovery, Verizon continued to do everything in its power to resist discovery of its role in this matter. Moreover, as discussed above, Plaintiffs did not know of Verizon's active role in the illegality complained of herein until discovery from the US Postal Service and further, highly complicated investigations into the Plaintiffs' devices, so the Plaintiffs certainly exercised due diligence to discover the identity of the wrong doers. Thus, they have pled sufficient facts to apply the doctrine of fraudulent concealment and to permit this case to go forward on discovery on the merits and Verizon's defenses, including the statute of limitations.

**D.     The First Amended Consolidated Complaint states viable claims against Verizon.**

The Verizon Defendants contend that despite the voluminous factual allegations alleged in the First Amended Consolidated Complaint, including those detailed allegations specific to Verizon's complex involvement and complicity in the illegality described in the Complaint, Plaintiffs do not state a single viable cause of action. The Verizon Defendants greatly overstate their position and understate the allegations in the Amended Consolidated Complaint.

**1.     The Plaintiffs plausibly allege a violation of the ECPA.**

Count 3 is brought pursuant to the Electronic Communications Privacy Act, 18 U.S.C. § 2511. That Act makes it illegal to intercept, disclose, or use wire, oral, or electronic communication. The Amended Complaint sets forth a detailed history of the Defendants,

including the Verizon Defendants, executing sophisticated cyber-attacks that monitored and surveilled Plaintiffs' electronic communications in real time. (*E.g.* Doc. 174 ¶¶ 51, 58, 59, 61, 75, 77, 78, 82, 84(M).) And then in Count 3, the Plaintiffs allege that the Defendants, including the Verizon Defendants, acted individually in concert to intercept, use and disclose the Plaintiffs' communications as alleged in the factual allegations. (*Id.* ¶¶ 106-08.) Those allegations must be taken as true, and so the First Amended Consolidated Complaint states a claim against the Verizon Defendants under the ECPA.

        2.       **The Plaintiffs plausibly allege a violation of the SCA.**

Count 4 alleges that the Verizon Defendants violated the Stored Communications Act, 18 U.S.C. § 2701. The Verizon Defendants claim that the Plaintiffs have failed to allege that they accessed a "facility" through which electronic communication services are provided, seizing onto this Court's prior ruling that "end-user" devices are not "facilities" under the SCA. Plaintiffs do not seek to relitigate the Court's prior ruling about the status of "end-user" devices as facilities. However, as to the Verizon Defendants, the allegations in the Amended Consolidated Complaint show that the Verizon Defendants were accessing upstream facilities—*i.e.* Verizon's own servers and networks—to obtain the Plaintiffs' electronic communications and to then disclose them to the government. Thus, the only question is whether the status of these facilities as being owned by Verizon shields Verizon from liability under the SCA. The plain language of the SCA answers that question. 18 U.S.C. § 2701(a) prohibits "intentionally access[ing] without authorization" a facility or "intentionally exceed[ing] an authorization to access that facility." A regulated telecommunications entity like Verizon certainly exceeds any authorization it may have when it uses its facilities to illegally surveil and collect personal information from a user. Thus, the First Amended Consolidated Complaint states a claim against the Verizon Defendants under the SCA.

### 3. The Plaintiffs plausibly allege a violation of the CFAA.

Count 5 alleges a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. The Verizon Defendants contend that the Plaintiffs fail to allege that they "accessed" the Plaintiffs' computer devices. This is a puzzling argument. Verizon recognizes that the Fourth Circuit has interpreted accessing to mean "to obtain, acquire" or "to gain admission to." *WEC Carolina Energy Sols. LLC v. Miller*, 687 F.3d 199, 204 (4th Cir. 2012). It is hard to see how the Verizon Defendants can contend that the Plaintiffs failed to allege that they gained admission to Plaintiffs' computers when there are so many allegations of malware, surveillance programs, and other software being loaded onto the Plaintiffs' devices. None of that can happen without the bad actor gaining admission to the computers. Thus, the First Amended Consolidated Complaint plausibly states a claim under the CFAA.[2]

### 4. Plaintiffs plausibly allege a violation of FISA.

Count 6 alleges a violation of the Foreign Intelligence Surveillance Act, 50 U.S.C §§ 1809-10. The Verizon Defendants argue that this claim fails because only an officer or employee of the United States can be liable for a FISA violation, which the Verizon Defendants are not. The plain language of the statute does not support this argument.

50 U.S.C. § 1810 provides a private right of action to any aggrieved person against "any person" who has violated section 1809. Section 1809, in turn, provides that "a person" is guilty of a violation of FISA if he engages in the described conduct. "Person" is defined at 50 U.S.C. §

---

[2] Plaintiffs recognize that in its prior decision the Court found that the Plaintiffs had not adequately alleged sufficient facts to establish the CFAA's $5,000 monetary loss threshold, and concede that the Amended Complaint does not state a specific dollar amount attributable to the CFAA violation. That omission was a mere oversight. If the Court finds that the CFAA claim otherwise survives the motion to dismiss, Plaintiffs respectfully request leave to amend for the limited purpose of fixing that omission. Plaintiffs represent that they have a good faith basis to allege that they have been damaged in excess of $5,000 by virtue of the CFAA violation.

1801(m) to include any "group, entity, association, [or] corporation." Thus, it is clear that a private entity or corporation can be guilty of a FISA violation under section 1809, and that section 1810 provides a private right of action against any private entity or corporation who is so guilty.

The "officer or employee of the United States" language that the Verizon Defendants rely upon is found in 50 U.S.C. § 1809(d), which states that "there is Federal jurisdiction over an offense under this section if the person committing the offense was an officer or employee of the United States at the time the offense was committed." This provision should not be read to say that only officers or employees of the United States can violate FISA or that there is only a private right of action against officers or employees of the United States because to do so would essentially nullify the statute's use of the word "person" to describe who may violate FISA and against whom the private right of action lies. Rather, section 1809(d) clarifies that officers or employees of the United States who violate FISA may be prosecuted in federal court, as opposed to some other jurisdiction. Because the Plaintiffs qualify as "aggrieved persons" under the statute and because the Verizon Defendants qualify as "persons" against whom a private right of action may be brought, Count 6 states a claim.

**5. Plaintiffs plausibly allege violations of the VCCA.**

Count 7 is brought pursuant to the Virginia Computer Crimes Act, Virginia Code § 18.2-152.4. The Verizon Defendants contend that the First Amended Consolidated Complaint fails to allege that the Verizon Defendants made any unauthorized copy of Plaintiffs' data, used Plaintiffs' computer without authorization, etc. The response to this argument is the same as the response with regards to Counts 3, 4 and 5. The First Amended Consolidated Complaint goes to great lengths to describe how the Verizon Defendants accessed the Plaintiffs' home network and devices, and participated in the planting of malware and other surveillance software to obtain the

Plaintiffs data and communications. These allegations squarely and plausibly allege a violation of the VCCA.

### 6. Plaintiffs plausibly allege trespass.

The Verizon Defendants' arguments regarding the trespass claims are separated between trespass to land and trespass to chattel. Regarding the trespass to land argument, the Verizon Defendants argue that because their entry onto Plaintiffs' property was in the form of service calls to address the issues being experienced by the Plaintiffs, their entry was not unauthorized. This is an interesting situation. It is certainly true that, at the time, Plaintiffs permitted Verizon personnel onto their property. This, of course, was because at the time Plaintiffs had no idea what was going on and believed Verizon to be simply their service provider. Plaintiffs now know that Verizon was much more than just a benign service provider. Thus, when Verizon came onto the Plaintiffs' property it was under false pretenses. In short, the Plaintiffs authorized Verizon to come onto their property to fix the problems. That authorization did not include what now appears to be the case, which is that Verizon was actually there in furtherance of the problem. The Supreme Court of Virginia has recognized that a claim for trespass may lie where a party's entry onto land is authorized but engages in conduct that "exceed[s] their authority, by doing some act which they had no right to do." *McClannan v. Chaplain*, 136 Va. 1, 10 (1923). In that situation, the defendant will be considered as a "trespasser *ab initio*." *Id.* Thus, because the Verizon Defendants entry onto the land was in excess of their authority, the claim for trespass to land states a claim.

The argument regarding the claim for trespass to chattel mirrors the arguments about many of the statutory claims about there being insufficient allegation that the Verizon Defendants intermeddled with the Plaintiffs' personal property, *i.e.* their computers and other devices. And thus the response is the same. The First Amended Consolidated Complaint provides a detailed

11

description of the Verizon Defendants' role in accessing and interfering with the Plaintiffs electronic devices. Acting in concert with the government, these Defendants participated in the placement of surveillance programs on these devices, collected data from the devices, and interrupted the use of the devices. In these digital times, that constitutes trespass to chattel.

## CONCLUSION

For the reasons stated above, the motion to dismiss should be denied.

Respectfully Submitted,

SHARYL THOMPSON ATTKISSON
JAMES HOWARD ATTKISSON
SARAH JUDITH STARR ATTKISSON

By Counsel

/s/    David W. Thomas
J. Gregory Webb, Esq. (VA Bar No. 38157)
David W. Thomas, Esq. (VA Bar No. 73700)
E. Kyle McNew, Esq. (VA Bar No. 73210)
MichieHamlett PLLC
500 Court Square, Suite 300
Post Office Box 298
Charlottesville, VA 22902-0298
Tel. 434-951-7200
Fax: 434-951-7218
dthomas@michiehamlett.com
gwebb@michiehamlett.com
kmcnew@michiehamlett.com

C. Tab Turner, Esq. (admitted *pro hac vice*)
TURNER & ASSOCIATES, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
(501) 791-2277
tab@tturner.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following counsel of record:

Andrew Han, Esq.
Dennis Carl Barghaan, Jr., Esq.
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: 703-299-3970
Fax: 703-299-3983
Andrew.han@usdoj.gov
Dennis.barghaan@usdoj.gov
Lauren.wetzler@usdoj.gov
*Counsel for Federal Defendants*

Kenneth M. Fetterman (Va. Bar No. 41436)
Reid M. Figel (admitted *pro hac vice*)
Kylie Chiseul Kim (admitted *pro hac vice*)
Albert Pak (admitted *pro hac vice*)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
Phone: (202) 326-7900
Fax: (202) 326-7999
kfetterman@kellogghansen.com
rfigel@kellogghansen.com
kkim@kellogghansen.com
apak@kellogghansen.com
*Counsel for Defendants Verizon Virginia LLC, Cellco Partnership d/b/a Verizon Wireless, and MCI Communications Services, Inc. d/b/a Verizon Business Services*

      /s/    David W. Thomas_____
J. Gregory Webb, Esq. (VA Bar No. 38157)
David W. Thomas, Esq. (VA Bar No. 73700)
E. Kyle McNew, Esq. (VA Bar No. 73210)
MichieHamlett PLLC
500 Court Square, Suite 300
Post Office Box 298
Charlottesville, VA 22902-0298
(434) 951-7200; (434) 951-7218 (Facsimile)
dthomas@michiehamlett.com
gwebb@michiehamlett.com
kmcnew@michiehamlett.com